**Estado Libre Asociado de Puerto Rico**
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| PHALANX CAPITAL SERIE 20 REAL ESTATE LLC<br><br>Recurridos<br><br>V.<br><br>**BLASINA MESA SÁNCHEZ** (Titular Registral), MARÌA E. MORÁN LANTIGUA t/c/c MARÍA EMPERATRIZ MORÁN LANTIGUA t/c/c MARÍA E. MORÁN t/c/c MARÍA MORÁN LANTIGUA y la posible SUCESIÓN DE MARÍA E. MORÁN LANTIGUA y la posible SUCESIÓN DE MARÍA E. MORÁN LANTIGUA t/c/c MARÍA EMPERATRIZ MORÁN LANTIGUA t/c/c MARÍA E. MORÁN t/c/c MARÍA MORÁN LANTIGUA compuesta por FULANO DE TAL y MENGANO DE TAL posibles herederos desconocidos de dicha sucesión<br><br>Peticionaria | TA2026CE00161 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Bayamón<br><br>Caso Núm.: BY2020CV01080<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCION

En San Juan, Puerto Rico, a 19 de marzo de 2026.

Comparece ante nos la señora Blasina Mesa Sánchez ("señora Mesa" o "Peticionaria") mediante *Petición de Certiorari* presentado el 11 de febrero de 2026. Nos solicita la revocación de la *Orden* emitida el 16 de enero de 2026 y notificada el 21 de enero del mismo año por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "tribunal *a quo*"). Por virtud del aludido dictamen, el foro primario dispuso "nada que proveer" en cuanto al escrito intitulado *Solicitud para que se Resuelvan en sus Méritos los*

*Planteamientos Invocados por la Demandada Bajo la Ley de Transacciones Comerciales 19 L.P.R.A. § 602 Y § 606* instado por la Peticionaria.

Por los fundamentos que expondremos a continuación, **denegamos** el auto de *certiorari*.

## I.

El 28 de febrero de 2020, Oriental Bank instó *Demanda* sobre cobro de dinero y ejecución de hipoteca contra de la señora María Emperatriz Moran Lantigua ("señora Morán Lantigua").[1] En síntesis, Oriental Bank esgrimió que la señora Morán Lantigua era dueña en pleno dominio de una propiedad sita en el municipio de Bayamón, la cual estaba gravada con una hipoteca. Asimismo, adujo que la señora Moran Lantigua adeudaba las siguientes cantidades:

> $93,879.45 de principal al 10 de febrero de 2020, $3,168.42 en intereses al 6.750% desde el 1ro. de septiembre de 2019 hasta el 1ro. de marzo de 2020, acumulándose a razón de $17.3612 diarios a partir de dicha fecha, $1,953.43 por cargos por demora computados hasta el 10 de febrero de 2020 y los que se venzan desde esa fecha en adelante, $0.00 por Sobregiro en Cuenta de Reserva hasta el 10 de febrero de 2020, $132.00 por InspFee Asse y tres cantidades equivalentes a $12,780.00 pactadas para el pago de costas, gastos y honorarios de abogado, en cantidad pactada por intereses vencidos acumulados, y en cantidad asegurada por adelantos.[2]

En vista de lo anterior, Oriental Bank solicitó el pago de las cuantías previamente esbozadas y que, de no efectuarse el correspondiente pago, solicitó que el Alguacil del foro primario embargue, ejecute y venda la referida propiedad en pública subasta.

Subsiguientemente, el 7 de mayo de 2020, Oriental presentó *Demanda Enmendada,* a los efectos de incluir a la señora Mesa Sánchez como parte demandada, pues ésta adquirió la propiedad en controversia.[3]

---

[1] Véase, SUMAC TPI, Entrada Núm. 1.
[2] Véase, SUMAC TPI, Entrada Núm. 1.
[3] Véase, SUMAC TPI, Entrada Núm. 6.

Tras varios trámites procesales que son innecesarios pormenorizar, el 21 de abril de 2022, San Carlos Mortgage, LLC ("San Carlos") instó *Moción en Sustitución de la Parte Demandante.*[4] Mediante este escrito, solicitó sustituir a Oriental Bank como parte demandante pues, el préstamo objeto de ejecución había sido transferido a San Carlos. Así pues, el 27 de abril de 2022, notificada al día siguiente, el foro primario concedió la solicitud de sustitución.[5]

Así las cosas, el 20 de junio de 2024, notificada el 24 de junio de 2024, el foro primario emitió *Sentencia,* mediante la cual declaró Ha Lugar la *Demanda* instada.[6] Posteriormente, el 29 de julio de 2024, San Carlos presentó *Moción en Solicitud de Sustitución de Parte, de que se Enmiende el Epígrafe del Caso y Solicitando Ejecución de Sentencia.*[7] Por virtud de este escrito, solicitó que se sustituyera la parte demandante por Casitas Blancas, LLC ("Casitas Blancas"), puesto que el pagaré en cuestión se le transfirió a esta entidad. Tras evaluar este escrito, el 30 de julio de 2024, el foro primario concedió la sustitución.[8] En igual fecha, el foro *a quo* emitió *Orden de Ejecución de Sentencia y Venta de Bienes* y,[9] subsiguientemente, el 7 de agosto de 2024, la Secretaría del tribunal *a quo* emitió el *Mandamiento de Ejecución.*[10]

Ulteriormente, el 16 de septiembre de 2024, Casitas Blancas presentó *Moción en Solicitud de Sustitución de Parte y en Solicitud de Autorización para Comparecer a Subasta y Licitar*, mediante la cual indicó que el pagaré en cuestión fue transferido a Phalanx Capital Series 20 Real Estate, LLC ("Phalanx Capital" o "Recurrida"), por lo

---

[4] Véase, SUMAC TPI, Entrada Núm. 59.
[5] Véase, SUMAC TPI, Entrada Núm. 61.
[6] Véase, SUMAC TPI, Entrada Núm.112.
[7] Véase, SUMAC TPI, Entrada Núm.116.
[8] Véase, SUMAC TPI, Entrada Núm.119.
[9] Véase, SUMAC TPI, Entrada Núm.117.
[10] Véase, SUMAC TPI, Entrada Núm.123.

que solicitó que la correspondiente sustitución.[11] En igual fecha, el foro primario autorizó la sustitución solicitada.[12]

Tras varios eventos procesales, el 21 de enero de 2025, la señora Mesa Sánchez presentó *Moción Urgente bajo la Ley de Instrumentos Negociables y Solicitud de Relevo de Sentencia*.[13] En esencia esbozó que, San Carlos y Phalanx Capital promovieron un procedimiento de venta judicial ilegalmente. Por su parte, el 20 de febrero de 2025, la Recurrida presentó *Moción en Oposición a Moci[ó]n Urgente Bajo la Ley de Instrumentos Negociables y Solicitud de Relevo de Sentencia*.[14]

Tras evaluar los escritos presentados por las partes, el 20 de febrero de 2025, notificada al día siguiente, el foro primario emitió *Resolución Interlocutoria*, en la que determinó lo siguiente:

> A LA "MOCION URGENTE BAJO LA LEY DE INSTRUMENTOS NEGOCIABLES Y SOLICITUD DE RELEVO DE SENTENCIA" Y "MOCIÓN EN OPOSICIÓN..." RESOLVEMOS NO HA LUGAR A LA SOLICITUD DE RELEVO DE SENTENCIA. SE ORDENA LA CONTINUACION DE LOS PROCEDIMIENTOS POST SENTENCIA.[15]

Inconforme con esta determinación, el 9 de abril de 2025, la Peticionaria instó un recurso de *certiorari* ante esta Curia en el caso KLCE202500361. Evaluado dicho recurso, el 6 de mayo de 2025, un panel hermano emitió *Resolución*, mediante la cual denegó el auto de *certiorari* instado. [16]

Así las cosas, el 16 de enero de 2026, la Peticionaria presentó *Solicitud para que se Resuelvan en sus Méritos los Planteamientos Invocados por la Demandada Bajo la Ley de Transacciones Comerciales 19 L.P.R.A. § 602 Y §606*.[17] En esencia, esgrimió que San Carlos y Phalanx Capital promovieron un procedimiento de

---

[11] Véase, SUMAC TPI, Entrada Núm. 134.
[12] Véase, SUMAC TPI, Entrada Núm. 136.
[13] Véase, SUMAC TPI, Entrada Núm. 176.
[14] Véase, SUMAC TPI, Entrada Núm. 182.
[15] Véase, SUMAC TPI, Entrada Núm. 183.
[16] Véase, SUMAC TPI, Entrada Núm. 198.
[17] Véase, SUMAC TPI, Entrada Núm. 204.

venta judicial ilegalmente y violentaron la *Ley de Transacciones Comerciales,* según enmendada, 19 LPRA sec. 401, *et seq.* En igual fecha, el foro primario emitió *Orden* en la que dispuso lo siguiente:

> A la "SOLICITUD PARA QUE SE RESUELVAN EN SUS MÉRITOS LOSPLANTEAMIENTOS INVOCADOS POR LA DEMANDADA BAJO LA LEY DE TRANSACCIONES COMERCIALES 19 L.P.R.A. § 602 Y §606" presentada por la Sra. Blasina Mesa Sánchez (entrada 204) resolvemos: Nada que proveer.[18]

Inconforme, el 2 de febrero de 2026, la Peticionaria presentó *Solicitud de Reconsideración.*[19] En igual fecha, el foro primario dictó *Resolución Interlocutoria,* mediante la cual dispuso: "A LA RECONSIDERACION QUE SURGE DE LA ENTRADA 206 RESOLVEMOS NO HA LUGAR".[20]

Aun inconforme, el 11 de febrero de 2026, la Peticionaria instó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el foro primario al negarse a ventilar en sus méritos en este caso una controversia bajo la Ley de Transacciones Comerciales que es claramente justiciable y está madura para su adjudicación en sus méritos. Al así obrar, ese foro infringió la clara política pública prevaleciente en nuestro ordenamiento jurídico de "que los casos se ventilen en sus méritos". Rivera v. Superior Pkg., 132 DPR 115, pág. 124.

> Erró el Tribunal de Apelaciones al negarse, sin ninguna justificación legal, a proveer en el caso de autos los remedios dispuestos en las Secciones 2-302 y 2-306 de la Ley de Transacciones Comerciales, supra, negandóse [sic] el foro a quo a asegurar en el presente caso el resultado que el legislador quiso obtener al aprobar la LTC.

El 17 de febrero de 2026, esta Curia emitió *Resolución* en la cual le concedió hasta el 23 de febrero de 2026 a la Recurrida para que mostrara causa por la cual no se debía expedir el auto de *certiorari.* Oportunamente, 16 de enero de 2026, la Recurrida compareció mediante escrito intitulado *Moción Solicitando la*

---

[18] Véase, SUMAC TPI, Entrada Núm. 204.
[19] Véase, SUMAC TPI, Entrada Núm. 206.
[20] Véase, SUMAC TPI, Entrada Núm. 207.

*Desestimación del Recurso de Certiorari y Oposición a Expedición.* Así pues, el 23 de febrero de 2026, le concedimos a la Peticionaria hasta el 26 de febrero de 2026 para exponer su posición en cuanto al escrito presentado por la Recurrida.

En esa dirección, el 25 de febrero de 2026 la Peticionaria presentó *Moción en Cumplimiento de Resolución del 23 de Febrero de 2026.* Posteriormente, el 11 de marzo de 2026, la Peticionaria instó *Urgente Moción Solicitando Paralización de los Procedimientos Post Sentencia ante el Tribunal de Primera Instancia.* Mediante esta moción, solicitó la paralización de los procedimientos incluyendo el "lanzamiento programado para este jueves 12 de marzo de 2026, a la 1:30 P.M". Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones

de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal

de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### III.

Como cuestión de umbral, nos corresponde atender la moción de desestimación instada por la parte Recurrida. Tras examinar dicha petición, declaramos la misma *No Ha Lugar*. De igual forma, evaluada la *Urgente Moción Solicitando Paralización de los Procedimientos Post Sentencia ante el Tribunal de Primera Instancia* presentada el 11 de marzo de 2026 por la Peticionaria declaramos, *No Ha Lugar* dicha petición.

Así las cosas, tras ponderar los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida emitida por el foro primario. En el presente caso, la Peticionaria no ha demostrado que el foro primario se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos.

Cónsono con lo antes expuesto, no intervendremos con la determinación discrecional del tribunal *a quo,* por lo que procede que se deniegue el recurso de *certiorari* de epígrafe.

### IV.

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari* y declaramos ***No Ha Lugar*** la moción de desestimación y la moción en auxilio de jurisdicción presentadas.

**Notifíquese Inmediatamente a la Hon. María Elena Pérez Ortiz y demás partes.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones